OPINION
{¶ 1} Plaintiffs Norma J. Shirley, individually and as Administrator of the Estate of Robert S. Shirley, deceased, John Shirley, Shannon Reed and Daryl Shirley appeal a judgment of the Court of Common Pleas of Stark County, Ohio, entered on their complaint for declaratory judgment seeking uninsured motorist benefits from defendants-appellees the Traveler's Insurance Company of Illinois, Motorist Mutual Insurance Company, National Surety Corporation, The Ohio Municipal League Joint Self-Insurance Pool, State Farm Mutual Automobile Insurance Company, and State Farm Fire Casualty Company.
 {¶ 2} Because of the numerous appellees, we will set forth the facts and discuss the common issues before addressing the individual disputes between appellants and the various appellees.
 FACTS {¶ 3} On February 1, 1998, Patricia A. Shirley lost control of the vehicle she was driving, went off the roadway, and struck a tree. Both Patricia A. Shirley and her passenger, her husband Robert S. Shirley, were killed as a result of the crash. At the time of the accident, Patricia Shirley's vehicle was insured by United Ohio Insurance Company. United Ohio Insurance Company denied coverage under the liability portion of its policy, but paid its uninsured limit of $25,000 to the Estate of Robert S. Shirley. The Probate Court divided the payment equally between decedent Robert Shirley's mother, Norma, and his father, John Shirley.
 {¶ 4} The plaintiffs in this case are the family members of Robert S. Shirley: Norma S. Shirley, his mother; John Shirley, his father; Shannon Reed, fka, as Shannon Shirley, his sister; and Daryl Shirley, the decedent's brother. At the time of the accident, all four plaintiffs lived together.
 BASIS {¶ 5} The basis for appellants' claim is the Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins. Co.85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116 and Ezawa v. YasudaFire Marine Co., 86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142.
 PROCEDURE {¶ 6} Appellants filed their complaint for declaratory judgment, stating various claims against the various appellees, and others. Appellant Norma Shirley was employed at Park Poultry, Inc. Park was insured by appellee Travelers with a commercial auto policy, a commercial general liability policy, and a commercial excess liability policy.
 {¶ 7} Appellant John Shirley was employed by the Village of East Canton, Ohio. Appellee The Ohio Municipal League Joint Self-Insurance Pool (OML) provided auto liability coverage and uninsured motorist coverage.
 {¶ 8} Shannon Reed was employed by Best Cuts, Inc. Appellee National provided Best Cuts with a commercial auto policy, a commercial general liability policy, and an excess/umbrella policy.
 {¶ 9} Daryl Shirley was employed by Wood Grocery, Inc. Appellee Motorist insured Wood Grocery with a commercial general policy and a business auto policy.
 {¶ 10} In addition to the forgoing policies, appellants Norma and John Shirley had a homeowner's policy with State Farm Fire, and a personal auto policy with State Farm Mutual. Shannon Reed also was the named insured on her personal State Farm Mutual auto policy.
 {¶ 11} The trial court's June 4, judgment entry found none of the plaintiffs were entitled to recover from his or her respective employers' insurers because their claim was based upon bodily injury to a non-resident adult family member.
 {¶ 12} The trial court found appellants Norma and John Shirley were not entitled to coverage under their homeowner's policy because their argument for uninsured motorist coverage involved the "resident employee exclusion."
 {¶ 13} The trial court found appellants Norma and John Shirley had violated the terms of their personal auto policy by settling their claim without preserving their insurer's subrogation rights, or giving their insurer notice of the accident. The trial court concluded appellants could not recover damages.
 {¶ 14} The trial court found Shannon Reed had not violated the terms of her personal State Farm auto policy, and found in favor of her and against State Farm.
 {¶ 15} In Westfield v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Ohio Supreme Court limited the holding inScott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116 to situations where the employee is injured in the scope of employment or in a covered auto.
 {¶ 16} Robert Shirley was not in a covered auto and was not in the scope of his employment when he was killed. None of his family members' claims against their employers' insurances arose out of the scope of employment.
 {¶ 17} In Galatis, the Supreme Court overruled its prior decision in Ezawa v. Yasuda Fire Marine Insurance Co., 86 Ohio St.3d 557,1999-Ohio-124, 715 N.E.2d 1142. Ezawa had extended Scott-Pontzer coverage to family members of employees under certain circumstances.
 {¶ 18} In In re: Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888, the Ohio Supreme Court extended Galatis to encompass most fact patterns.
 {¶ 19} In light of the foregoing, we find the trial court correctly entered judgment in favor of the various automobile insurance companies, albeit for the wrong reason.
 {¶ 20} Each of appellants' assignments of error is overruled.
 STATE FARM FIRE AND CASUALTY COMPANY {¶ 21} Appellants assign a single error to the trial court with regard to its judgment in favor of State Farm Fire:
 {¶ 22} "The trial court, in its June 4, 2002 entry, erred in granting summary judgment in favor of appellee, state farm fire, as it relates to the issue of uninsured motorist coverage with respect to appellants, norma and John Shirley."
 {¶ 23} Appellants Norma and John Shirley brought a claim against appellee State Farm Fire under their homeowner's insurance policy. Their claim was predicated on the "resident employee provision" in the homeowner's policy. Appellants argued to the trial court this was sufficient to convert the homeowner's policy to a policy of insurance for motor vehicle liability, such that R.C. 3937.18 should apply.
 {¶ 24} After the trial court filed its decision, the Ohio Supreme Court cited the case of Hillyer v. State Farm Fire CasualtyCompany, 97 Ohio St.3d 411, 2002-Ohio-6662, 780 N.E.2d 262, wherein it found the resident employee clause in an insurance policy which provides coverage incidental to homeownership does not convert the policy to a motor vehicle liability insurance requiring the insurer to offer uninsured motorist coverage.
 {¶ 25} On the authority of Hillyer, supra, the assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed and pursuant to App. R. 12 we enter final judgment in favor of appellees.
Gwin, P.J., Edwards, J., and Boggins, J., concur.