HERITAGE INSURANCE COMPANY, APPELLEE, ET AL. *v.* OHIO DEPARTMENT OF TRANSPORTATION, APPELLANT.

[Cite as *Heritage Ins. Co. v. Ohio Dept. of Transp.,* 104 Ohio St.3d 513, 2004-Ohio-6766.]

514

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} This case arises out of a 1994 traffic accident that took the life of Thora Roweta Moore. Moore died when her car collided with a pickup truck at the intersection of State Route 49 and U.S. Route 40 in Montgomery County. John R. Jurgensen Construction Company ("Jurgensen") had contracted with the appellant, Ohio Department of Transportation ("ODOT"), to carry out improvements at that intersection in May 1993. Moore's estate sued Jurgensen and in February 1998 obtained a jury verdict of $750,000, which, once reduced by the 35 percent contributory negligence attributed to the decedent, amounted to $487,500. Appellee, Heritage Insurance Company ("Heritage"), was Jurgensen's insurer and paid the judgment to Moore's estate. Jurgensen paid a $50,000 deductible to Heritage pursuant to its insurance contract.

{¶ 2} On January 13, 1999, Heritage and Jurgensen sued ODOT in the Ohio Court of Claims, alleging that ODOT was a joint tortfeasor with Jurgensen in the Moore accident. They alleged that ODOT negligently oversaw the construction and failed to ensure motorists' safety at the intersection, and that ODOT was liable for indemnity and contribution. ODOT denied all liability. On August 29, 2000, the court stayed the case pending a decision from this court, which was eventually reported as *Community Ins. Co. v. Ohio Dept. of Transp.* (2001), 92 Ohio St.3d 376, 750 N.E.2d 573. The court found that our decision in *Community Ins. Co.* might be dispositive of the issues in this case.

{¶ 3} On May 15, 2002, ODOT moved for summary judgment. The court granted the motion as to Heritage's claims for contribution and indemnification on July 10, 2002, based on this court's decision in *Community Ins. Co.* The parties stipulated to the dismissal of Jurgensen's claim on July 11, 2002.

{¶ 4} Heritage appealed, and the Franklin County Court of Appeals reversed the judgment of the Court of Claims. The appellate court distinguished *Commu-*

*nity Ins. Co.* and held that R.C. 2743.02(D) does not preclude a joint tortfeasor from bringing contribution and indemnity actions against the state.

{¶ 5} The cause is before this court upon the allowance of a discretionary appeal.

## Law and Analysis

{¶ 6} The crux of this case is whether R.C. 2743.02(D), as interpreted by this court in *Community Ins. Co.*, 92 Ohio St.3d 376, 750 N.E.2d 573, applies to a joint tortfeasor seeking contribution and indemnity against the state. We agree with the appellate court that *Community Ins. Co.* is distinguishable and that R.C. 2743.02(D) is inapplicable to Heritage in this case.

{¶ 7} R.C. 2743.02(D) provides:

{¶ 8} "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."

{¶ 9} In *Community Ins. Co.*, this court applied R.C. 2743.02(D) to an insurer seeking subrogation against ODOT. In that case, the underlying claim was filed by Rachelle Dronebarger, who suffered catastrophic injuries in a single-car accident. After the accident, Community Mutual Insurance Company ("Community") paid medical and hospital expenses of over $245,000 pursuant to an employee health plan under which Dronebarger was insured. Community sought subrogation from ODOT, which had been found liable to Dronebarger at trial. This court held that Community was not entitled to recovery from the state. The lead opinion stated that Community was not a claimant separate and apart from Dronebarger. Id., 92 Ohio St.3d at 378, 750 N.E.2d 573. Rather, "Community stands in the place of Dronebarger in seeking recovery from the state, and has no greater right to recovery than would Dronebarger herself." Id. Since R.C. 2743.02(D) applied to Dronebarger, it applied to Community as well:

{¶ 10} "R.C. 2743.02(D) mandates that medical benefits Dronebarger received from Community must be deducted from the amount due her from the state. She could not transfer to Community, by way of subrogation, a right to recover damages representing incurred medical expenses that she herself did not possess pursuant to R.C. 2743.02(D)."

{¶ 11} ODOT argues that Heritage is in the same position as Community. ODOT argues that any judgment for Jurgensen against ODOT would be offset by the insurance proceeds Jurgensen received from Heritage. Since Jurgensen would have no claim against ODOT up to the level of its insurance proceeds, and since Heritage stands in the shoes of Jurgensen in the subrogation action, Heritage would have no claim against ODOT for the payments Heritage made on behalf of Jurgensen.

{¶ 12} However, *Community Ins. Co.* applies only if Jurgensen is characterized as a "claimant" under R.C. 2743.02(D). In *Community Ins. Co.*, the lead opinion traced Community's subrogation claim back to its source, the claimant in the underlying action, Dronebarger. Here, Heritage's subrogation claim is traced back to Jurgensen. The question is whether to view Jurgensen as a separate claimant in an action against ODOT, or as a joint tortfeasor asserting its right to contribution and indemnity from the other tortfeasor, ODOT, for payments it made to the claimant, Moore's estate. We agree with the appellate court that for purposes of R.C. 2743.02(D), Jurgensen should be considered not as a claimant but instead as a joint tortfeasor.

{¶ 13} ODOT argues that anyone that makes a claim against the state is a "claimant" for purposes of R.C. 2743.02(D). However, the lead opinion in *Community Ins. Co.* establishes that a party that raises a claim against the state is not necessarily a "claimant" pursuant to the statute. Community had sought to establish itself as a claimant in *Community Ins. Co.*, arguing that it was the claimant in its separate subrogation lawsuit against ODOT. Since Community itself received no collateral benefits in its particular case, it argued that R.C. 2743.02(D) did not apply to its claim against ODOT. This court, however, found that Community's role as subrogee defined its status for purposes of the statute. Id., 92 Ohio St.3d at 378, 750 N.E.2d 573. Dronebarger, who was not a party in Community's case against ODOT, was nevertheless considered the "claimant" for purposes of the statute. Through subrogation, Community then stepped into her shoes and became subject, like her, to the limitations of R.C. 2743.02.

{¶ 14} Here, as in *Community Ins. Co.*, the fact that Jurgensen is a plaintiff in a lawsuit against ODOT does not necessarily make it a "claimant" for purposes of R.C. 2743.02(D). Like Community's subrogation claim, Jurgensen's contribution and indemnity claims relate back to and arise out of the original injury claim. Only through Moore's estate's claim does Jurgensen have a cause of action against ODOT. Although Moore's estate is not a literal party in this particular case, like Dronebarger in *Community Ins. Co.*, the estate remains the putative "claimant" for purposes of the statute. Jurgensen stands as a joint tortfeasor seeking recovery of the payments it made to the claimant. This case is about the respective degrees of negligence of Jurgensen and ODOT as to Moore's estate. The entire case is viewed from the perspective of Moore's estate as the claimant and focuses on how ODOT and Jurgensen bear responsibility for the estate's claim. Heritage, standing in the shoes of Jurgensen, is not seeking an amount that ODOT owes to Jurgensen, but an amount that ODOT would properly owe the estate. This case derives from the estate's underlying case, and the estate thus continues to hold the role of "claimant" under the statute. Jurgensen remains a joint tortfeasor, unaffected by R.C. 2743.02(D).

{¶ 15} Additionally, the appellate court points out the significance of the fact that Jurgensen's claim is one that could have been brought contemporaneously with the claim of the estate:

{¶ 16} "Had the case been tried in the Court of Claims and had both Jurgensen and the state been found liable, each party would have been individually liable for their own share and a contribution or indemnity action would not have been necessary. In other words, Jurgensen, or its insurer Heritage, would be responsible for only its share and there would be no subrogation."

{¶ 17} We see no reason that a harshly different result should occur simply because the contribution and indemnity action is being tried separately. To find for ODOT here would essentially make one tortfeasor's insurer liable for another joint tortfeasor's part of a judgment. The state would thus be immune from liability to the extent of the joint tortfeasor's insurance. In no way does R.C. 2743.02(D) require that result.

{¶ 18} We therefore hold that R.C. 2743.02(D) is not applicable to a joint tortfeasor seeking contribution and indemnity from the state. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Freund, Freeze & Arnold, Christopher W. Carrigg and Shaun A. Roberts, for appellee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Velda K. Hofacker Carr, Assistant Attorney General, for appellant.