OPINION
{¶ 1} Defendant-appellant, Greenwich Insurance Company ("Greenwich"), appeals from the April 7, 2004 decision and entry of the Court of Claims of Ohio dismissing appellant's counterclaim for lack of subject matter jurisdiction. For the reasons that follow, we reverse.
 {¶ 2} The following facts are taken from the counterclaim and deemed to be true for purposes of this appeal. In October 2001, plaintiffs-appellees, Meigs Local School District Board of Education ("Meigs") and Ohio School Facilities Commission ("OSFC") entered into a contract with Riverside Masonry, L.L.C., d/b/a CR Masonry of Michigan ("CR"), to perform masonry work as part of the construction of a new elementary school in Pomeroy, Meigs County, Ohio. In accordance with R.C. 153.571, Greenwich, as surety for CR, provided the bond for CR's work on the project. In consideration for Greenwich issuing the bond, a General Indemnity Agreement dated April 17, 2001 was entered into by and among Greenwich, CR, and others.
 {¶ 3} CR began work on the project, but abnormally adverse weather conditions, a waterlogged site, and lack of the contractually provided schedule for the project affected its work. By June 2002, the state had paid CR $1,507,138.47 representing 75 percent of the contract amount. In July 2002, CR stopped performing work on the project.
 {¶ 4} Meigs and OSFC hired Wesam Construction to complete the work on a time and materials basis. It took Wesam more than 240 days and cost more than $1,597,455 to complete the balance of CR's work.
 {¶ 5} In an initial complaint filed August 18, 2003, and by way of an amended complaint filed September 24, 2003, in the Meigs County Court of Common Pleas, Meigs and OSFC alleged that Greenwich issued a performance bond to them on behalf of CR, and that Greenwich was liable to appellees under the terms of that agreement for more than $1.8 million in damages arising from CR's breach of its contract with appellees.
 {¶ 6} Greenwich filed an answer and a counterclaim on October 14, 2003, contending that appellees breached their contractual obligations to CR and Greenwich, overpaid CR, overpaid those who actually completed the work, and failed to mitigate damages. Greenwich asserted that, had appellees administered the contract in accordance with their contractual and legal responsibilities, there would be an unspent balance of contract funds in excess of $180,000. Greenwich, as surety, asserted it was entitled to reimbursement from the state for monies it paid to subcontractors and materialmen pursuant to its obligations under the bond following CR's withdrawal from the project. Greenwich asserted that under the terms of the bond, Greenwich was subrogated to the interest of CR for the balance of the contract funds owed to CR. Greenwich also asserted that as an assignee of CR's right, title and interest and estate in and to all property, Greenwich was entitled to be paid the amount owed to CR arising out of CR's contract with appellees.
 {¶ 7} Because Greenwich was alleging claims against the state for money damages under a contract, Greenwich removed the case to the Court of Claims of Ohio. OSFC filed a motion to dismiss for lack of subject matter jurisdiction. Greenwich filed a response and a request for oral argument.
 {¶ 8} The Court of Claims dismissed the counterclaim for lack of subject matter jurisdiction and remanded the case to the Meigs County Court of Common Pleas. Greenwich appealed, assigning as error the following:
The Court of Claims erred as a matter of law by failing to exercise jurisdiction over Appellant's counterclaim for recovery of money from the state.
 {¶ 9} In reviewing a motion to dismiss for lack of subject matter jurisdiction, this court's standard of review is de novo. Robinson v. AT T Network Systems, Franklin App. No. 01AP-817, 2002-Ohio-1455;Campbell v. Johnson (Dec. 30, 1999), Franklin App. No. 99AP-483, discretionary appeal not allowed (2000), 88 Ohio St.3d 1503.
 {¶ 10} In dismissing the counterclaim, the Court of Claims reasoned that R.C. 2743.02(D) precluded recovery against the state. R.C. 2743.02(D) provides as follows:
Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section apply under those circumstances.
 {¶ 12} The Court of Claims relied upon its prior decision in Am. Ins.Co. v. Ohio Dept. Admin. Serv., 120 Ohio Misc.2d 79, 2002-Ohio-5754, which cited Community Ins. Co. v. Dept. of Transp. (2001),92 Ohio St.3d 376, for the proposition that claims for subrogation are not cognizable against the state in the Court of Claims.
 {¶ 13} In deciding whether the Court of Claims acted appropriately in granting the motion to dismiss, we first must decide whether R.C.2743.02(D) applies to the facts of this case. Greenwich contends that R.C. 2743.02(D) is inapplicable to this case. Greenwich argues that the statute requires a claimant's recovery against the state to be reduced by the amount the claimant receives from all other sources. Greenwich argues that CR is the claimant in this case, and it has not recovered any money relative to Greenwich's counterclaim from insurance proceeds, disability award, or a collateral source. Appellees acknowledge that CR is the claimant in this case, that Greenwich, as subrogee, stands in the shoes of CR. Appellees argue, however, that the state is entitled to a collateral source reduction for the amounts Greenwich paid on behalf of CR pursuant to the surety bond.
 {¶ 14} In making our determination, we look to the purpose of the statute which is to prevent injured parties from getting a windfall by recovering both from an insurer and the state for the same injury.Heritage Ins. Co. v. Ohio Dept. of Transp., 104 Ohio St.3d 513,2004-Ohio-6766.
 {¶ 15} Here, Greenwich is not seeking reimbursement from the state for monies already paid by the state or by anyone else. Greenwich has stepped into the shoes of CR for purposes of recovering money Greenwich claims the state still owes under the contract. Most importantly for purposes of this appeal, Greenwich alleged in its counterclaim that under the terms of the bond, Greenwich was subrogated to the interest of CR for the balance of the contract funds owed to CR. Greenwich also asserted that, as an assignee of CR's right, title and interest and estate in and to all property, Greenwich was entitled to be paid the amount owed to CR arising out of CR's contract with appellees. In other words, Greenwich is seeking money it claims the state still owes under the contract. There is no risk of double recovery under the allegations as pleaded in the counterclaim. Thus, it does not appear that R.C. 2743.02(D) applies to the counterclaim because there has been no recovery from collateral sources.
 {¶ 16} Appellees argue that Greenwich's payments to subcontractors relieved CR of a debt and therefore constitute payment to CR that brings the action within the purview of the statute. Appellees claim that such payments are no different than the payments made by the plaintiff's medical provider from work who made payments to third-party medical providers in Community Ins. Co., supra. In that case, the Supreme Court of Ohio ruled that Community Insurance Company had no greater right to recovery than the plaintiff herself, and that the plaintiff could not transfer to Community, by way of subrogation, the right to recover damages representing incurred medical expenses that she herself did not possess. Id. at 378. The court did not make a blanket statement that subrogation claims against the state were not cognizable in the Court of Claims. Instead, the holding was more limited in scope and reads as follows:
We therefore hold that an insurer who has been granted a right of subrogation by a person on whose behalf the insurer has paid medical expenses incurred as the result of tortious conduct of the state is subject to R.C. 2743.02(D), which mandates reduction in recoveries against the state by the "aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."
Id. at 379.
 {¶ 17} We find the facts as alleged in Greenwich's counterclaim to be distinguishable from Community Ins. Co., supra. In its counterclaim, Greenwich contends that the state still owes money under the contract to CR, and therefore by assignment and subrogation Greenwich is owed money from the state as well. CR has not been relieved of any debts by the payments made by Greenwich, nor is there any reimbursement claim like that in Community Ins. Co., supra. Instead, CR now owes Greenwich the same amount Greenwich paid CR's subcontractors.
 {¶ 18} Appellees also argue that Greenwich's subrogation must fail because Greenwich alleged in its counterclaim that the state had overpaid CR. Greenwich did allege that, but reading the counterclaim in a light most favorable to the non-moving party, we conclude that the counterclaim does not allege that the state had overpaid CR for all amounts due under the contract. Even with the alleged overpayment that presumably relates to the 75 percent of the contract price that was paid to CR, the counterclaim alleges that the state owes additional money under the contract to CR, and by subrogation and assignment, owes money to Greenwich.
 {¶ 19} Based on the foregoing, appellant's assignment of error is sustained, and the judgment of the Ohio Court of Claims dismissing the counterclaim and remanding the case to the Meigs County Court of Common Pleas is reversed.
Judgment reversed and cause remanded.
Brown, P.J., and Petree, J., concur.