SHIRLEY et al., Appellees,

v.

REPUBLIC–FRANKLIN INSURANCE COMPANY; State Farm
Mutual Automobile Insurance Company, Appellant.

[Cite as *Shirley v. Republic–Franklin Ins. Co.,* 166 Ohio App.3d 590, 2006-Ohio-1848.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005–CA–00210.

Decided April 10, 2006.

John S. Coury, for appellees.

John B. Lindamood and James F. Mathews, for appellant.

Gwin, Presiding Judge.

{¶ 1} Appellant, State Farm Mutual Automobile Insurance Company, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiffs-appellees, John and Norma Shirley. Appellant assigns two errors to the trial court:

{¶ 2} "I. The trial court erred in its refusal to find that the appellee's claims for uninsured motorists coverage are barred by the two-year contractual limitations clause of the policy at issue, to appellant's prejudice.

{¶ 3} "II. The trial court erred in concluding that the appellees' claims were not barred for failure to satisfy conditions precedent to coverage under the State Farm policy, to appellant's prejudice."

{¶ 4} This case has a long history, having arisen from an accident on February 1, 1998. Appellees' decedent, Robert Shirley, and his wife, Patricia Shirley, were killed in a traffic accident in Carroll County, Ohio. Patricia Shirley owned and was operating the vehicle, and Robert Shirley was a passenger.

{¶ 5} Appellees and others brought suit against numerous defendants. Most of the claims were based upon the Ohio Supreme Court decisions in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and *Ezawa v. Yasuda Fire & Marine Ins. Co.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142.

{¶ 6} Appellees also sued their own personal automobile carrier, the appellant here, State Farm, claiming that they were entitled to uninsured-/underinsured-motorist's benefits under their personal auto policy for the wrongful death of their son. Their claim against State Farm was based upon *Moore v. State Auto Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, and *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555. The appeal before us deals with the *Moore/Sexton* claim, and not with the *Scott–Pontzer/Ezawa* claims.

{¶ 7} Eventually, the trial court ruled on the various coverage issues involving State Farm and the other defendants on June 4, 2002. In this first judgment, the trial court sustained State Farm's motion for summary judgment, finding that appellees' claims were barred because appellees had failed to protect State Farm's subrogation rights and because appellees had given late notice of the accident.

{¶ 8} On appeal, this particular claim was lost in the crowd of *Scott–Pontzer* claims brought by various plaintiffs against various insurance companies. See *Shirley v. Republic Franklin Ins. Co.,* Stark App. No. 2002–CA–00221, 2003-Ohio-6867, 2003 WL 22966864. The motion for reconsideration brought this overlooked claim to our attention, and on January 5, 2004, we sustained the motion for reconsideration and remanded this portion of the case for proceedings pursuant to *Ferrando v. Auto Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. In so doing, we stated: *"Ferrando* holds violations of notice and/or subrogation clauses do not preclude recovery as a matter of law. Instead, this issue presents a question of fact regarding whether the insureds acted reasonably and whether the insurance company was actually prejudiced."

{¶ 9} On remand, the parties briefed the issue and the trial court conducted a hearing on July 22, 2005. On July 25, 2005, the trial court found that appellees' claims were not barred for the alleged violation of various conditions and limitations contained in the State Farm policy. Specifically, the court found that appellees' notice to State Farm was not unreasonable under the circumstances and that appellees had not destroyed State Farm's subrogation rights, particularly in view of the fact that the tortfeasor was completely uncollectible.

{¶ 10} On August 24, 2005, State Farm filed a notice of appeal and brought the matter before this court once more.

I

{¶ 11} In its first assignment of error, State Farm asserts that the trial court should have enforced the two-year limitation clause. We agree.

{¶ 12} During the pendency of this appeal, the Supreme Court decided *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692. In *Sarmiento,* the Supreme Court held that a two-year contractual limitation period for filing uninsured-underinsured-motorists claims is reasonable and enforceable even when the statute of limitations for the underlying tort claim is longer than two years, or if the plaintiff is a minor for whom R.C. 2305.16 tolls the running of the statute of limitations for certain actions. Prior to *Sarmiento,* provisions in an insurance contract limiting the time for bringing an action to a shorter time than the applicable statute of limitations were enforceable if the provisions were unambiguous and reasonable, *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317. *Sarmiento* did not overrule *Ferrando.*

{¶ 13} The insurance policy in question had a section labeled "Conditions." One of the conditions stated: "There is no right of action against us * * * under uninsured motor vehicle coverage unless such action is commenced within two-years after the date of the accident." Another section of the policy provided a heading labeled "Reporting a Claim." One portion states: "The *insured* must give us or one of our agents written notice of the accident or *loss* as soon as reasonably possible * * *.'" (Emphasis sic.)

{¶ 14} In the original common pleas case, State Farm had raised the two-year-limitation provision of its policy. It had also argued that appellees had breached the portion of the policy that required notice as soon as reasonably possible. In addition, State Farm denied coverage based upon the appellees' failure to protect its subrogation rights. In the first case, the trial court held that the prompt-notice and subrogation clauses barred appellees' recovery. Our remand directed the court to analyze the claim in light of *Ferrando.* In the remand, we did not directly address the two-year provision, but under *Miller* it was subject to review as well.

{¶ 15} On remand, State Farm argued that the two-year provision was enforceable on its face. State Farm also argued that the two-year limitation demonstrated that appellees' delay of more than three years was unreasonable.

{¶ 16} The trial court found that the two-year limitation was not enforceable, because appellees' claims were based on *Moore,* which was not announced until after the two years had run. The court found that until the Supreme Court decided *Moore,* appellees could not have known that their loss was covered. The court found that appellees' notice was reasonable under the circumstances of the case.

{¶ 17} Appellees argue that because in the first appeal we did not determine that the two-year limitation was enforceable, and instead remanded it for a *Ferrando* review, the principles of res judicata and law of the case preclude application of *Sarmiento* to the issue now. In other words, they argue that the only possible analysis of the two-year clause is pursuant to *Ferrando*. We do not agree. When this court first remanded the issue, the two-year limitation was subject to a *Ferrando* review pursuant to *Miller*, supra. In *Sarmiento*, the Supreme Court found that a two-year limitation is per se reasonable and enforceable, without any equitable test or interpretation. This holding removes it from *Ferrando*. We find that so long as the two-year clause is pending in the courts for review and interpretation, the courts must apply any change or modification in the law, see *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329,

{¶ 18} We find that the trial court should have found that appellees' claim for uninsured-underinsured-motorist's coverage was barred because appellees failed to give notice within two years as required by the policy language. The fact that *Moore* was decided after the two years had run is not relevant to the analysis, nor is any question of reasonableness or prejudice.

{¶ 19} The first assignment of error is sustained.

## II

{¶ 20} In its second assignment of error, State Farm argues that the trial court's *Ferrando* analysis was faulty and that it should have found that the appellees could not prevail. Pursuant to the above, *Ferrando* now applies only to the provisions requiring notice as soon as possible and to the subrogation issue. Because we find that the two-year limitation bars appellees' recovery, the second assignment of error is moot.

{¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.

Judgment reversed.

FARMER and BOGGINS, JJ., concur.