OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Qualchoice, Inc. ("Qualchoice"), appeals the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellee, State Farm Insurance Co. ("State Farm").
 {¶ 2} Sadie Scaminace was injured on a property in Willoughby, Ohio. Scaminace was treated for her medical injuries. Scaminace had medical insurance through Qualchoice, which paid for her medical treatment.
 {¶ 3} State Farm issued a homeowner's insurance policy to the owner of the property where Scaminace's injury occurred.
 {¶ 4} Qualchoice initiated this action seeking contribution from State Farm pursuant to its subrogation rights with Scaminace.
 {¶ 5} State Farm filed a motion for summary judgment. It attached a copy of a portion of the Qualchoice policy with Scaminace to its motion for summary judgment. Qualchoice filed a response to State Farm's motion for summary judgment, also attaching a copy of portions of its policy with Scaminace. The trial court granted State Farm's motion for summary judgment.
 {¶ 6} Qualchoice has timely appealed the trial court's judgment entry to this court. Qualchoice raises the following assignment of error:
 {¶ 7} "The trial court committed reversible error when it granted defendant's motion for summary judgment."
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 9} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[4] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[5]
 {¶ 10} Interpretation of an insurance contract is a matter of law.[6]
 {¶ 11} The Qualchoice policy with Scaminace contained a subrogation clause. This clause provided, in pertinent part:
 {¶ 12} "This provision applies when QualChoice Health Plan, Inc. pays benefits for personal injury and you may have the right to recover damages from another party. Acceptance of QualChoice Health Plan Inc. benefits for Covered Services for an illness or injury for which another party may be obligated to pay constitutes your acceptance of the provisions of this section.
 {¶ 13} "1. Subrogation. QualChoice Health Plan Inc. assumes all your rights of recovery to the extent of the benefits it pays or provides for Covered Services for an illness or injury for which you may be entitled to recover payment from any other person. This is called subrogation. QualChoice Health Plan Inc. is subrogated to any right you have to recover from the person who caused the illness or injury, that person's insurer, or under any `Uninsured Motorist', `Underinsured Motorist', `Medical Payments', `No-Fault' or other similar coverage provisions."
 {¶ 14} The trial court found that State Farm was entitled to judgment as a matter of law, because Qualchoice did not set forth any evidence demonstrating that Scaminace was injured as a result of a tort.
 {¶ 15} In its complaint, Qualchoice averred that "Defendant [State Farm] may have in effect a medical payments policy of insurance to pay for medical expenses that resulted from injuries which occurred to [Qualchoice's] participant regardless of liability. (Policy not attached as not in possession of [Qualchoice])."
 {¶ 16} State Farm notes that the contract language in the Qualchoice policy only permits subrogation for "damages." State Farm argues that the use of the term "damages" indicates that a tort is necessary for Qualchoice to recover pursuant to the subrogation clause. We disagree.
 {¶ 17} The term "damages" is defined as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury."[7] As Qualchoice notes, damages can refer to money that is owed as a result of a breach of contract. For example, "benefit-of-the-bargain damages," "liquidated damages," and "reliance damages" all arise out of contract law.[8] Moreover, we note that a party is entitled to "sue for damages" upon a material or immediate breach of a contract.[9]
 {¶ 18} In addition, construing the generic term "damages" as used in the Qualchoice contract to mean either damages arising out of tort or for a breach of contract is consistent with the remaining language of the policy regarding uninsured or underinsured motorist and no-fault coverage provisions. Further, the language in the initial paragraph states that subrogation is appropriate when "another party may be obligated to pay." This phrase does not limit Qualchoice's subrogation rights to only those instances where the injured party was harmed by a tort; rather, it indicates that Qualchoice may pursue its subrogation rights in any circumstance in which another party may be financially responsible.
 {¶ 19} Qualchoice's complaint alleges that a State Farm insurance policy provides coverage to individuals injured on the homeowner's property "regardless of liability." Such recovery would lie in contract law. Scaminace, as the injured party, would be a third-party beneficiary to the State Farm insurance contract.[10] Therefore, she could assert a claim for damages for breach of the policy against State Farm for failure to pay.
 {¶ 20} "'Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant.'"[11] In this matter, Qualchoice is standing in Scaminace's shoes by initiating this lawsuit against State Farm.
 {¶ 21} The primary inquiry is the terms of the State Farm policy. Qualchoice asserts that there may policy language that provides insurance coverage for Scaminace regardless of the liability of the homeowner. However, neither party submitted any evidence regarding the terms, or even the existence, of the State Farm insurance policy issued to the homeowner. State Farm, as the moving party, had the initial burden of demonstrating that no genuine issues of material fact existed.[12] State Farm failed to meet its burden, as it did not direct the trial court to evidentiary material demonstrating that Qualchoice is not entitled to recovery. Thus, State Farm failed to demonstrate that it was entitled to judgment as a matter of law.
 {¶ 22} The trial court erred by granting State Farm's motion for summary judgment.
 {¶ 23} Qualchoice's assignment of error has merit.
 {¶ 24} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
CYNTHIA WESTCOTT RICE, J.,
COLLEEN MARY OTOOLE, J.,
concur in judgment only.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Dresher v. Burt, 75 Ohio St.3d at 293.
[5] Id.
[6] Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
[7] Black's Law Dictionary (8 Ed.Rev. 2004) 416.
[8] Id. at 416-419.
[9] Id. at 200.
[10] See, e.g., Sarmiento v. Grange Mut. Cas. Co., 106 Ohio St.3d 403,2005-Ohio-5410, at ¶ 31.
[11] Black's Law Dictionary (8 Ed.Rev. 2004) 1467-1468, quoting Dan B. Dobs, Law of Remedies, Section 4.3, at 404 (2d ed. 1993). See, also,Heritage Ins. Co. v. Ohio Dept. of Transp., 104 Ohio St.3d 513,2004-Ohio-6766, at ¶ 13.
[12] Dresher v. Burt, 75 Ohio St.3d at 293.