JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1, plaintiff-appellant Angela M. Carriero challenges the trial court order that granted summary judgment to defendant-appellee the Cincinnati Insurance Company on her complaint.
 {¶ 2} The purpose of an accelerated appeal is to allow this court to issue a brief and conclusory opinion. Crawford v. Eastland Shopping MallAssn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Appellant argues in her assignment of error that summary judgment for appellee was inappropriate on two grounds. She asserts that the contractual clause in the policy issued to her by appellee that limited her time to bring an action for an underinsured motorist ("UIM") claim was "ambiguous," and that she "substantially complied" with its terms. Her argument remains unpersuasive.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a *Page 2 
matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. Interpretation of an insurance contract is a matter of law.Qualchoice, Inc. v. State Farm Ins. Co., Lake App. No. 2006-L-102,2007-Ohio-584, T|10, citing Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm, 73 Ohio St.3d 107, 1995-Ohio-214.
 {¶ 5} No issues of fact are presented in this case. The parties agree that the motor vehicle accident in which appellant became involved occurred on July 20, 2000. Appellant filed this action on April 12, 2006. According to the insurance policy between appellant and appellee in force at the time of the accident, UIM coverage for bodily injury was subject to the following relevant limitation:
 {¶ 6} "No lawsuit or action whatsoever or any proceeding in arbitration shall be brought against us for the recovery of any claim * * * unless the lawsuit or arbitration is commenced within two years of the date of the `accident'."
 {¶ 7} Although appellant asserts the words "any action whatsoever" render the time limitation provision "ambiguous," the words must be given their plain and ordinary meaning. Sarmiento v. Grange Mut. Cas.Co., 106 Ohio St.3d 403, 2005-Ohio-5410, ¶ 9, citing Gomolka v. StateAuto Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168. In the context of the entire paragraph, they instead actually make the contractual meaning clearer. *Page 3 
 {¶ 8} Appellee used the words "any action whatsoever" to more absolutely define the word "lawsuit." This notification complied with the Ohio Supreme Court's requirement as set forth in Sarmiento.
 {¶ 9} Appellant attempts to overcome the result dictated bySarmiento by relying on the decision in Mowery v. Welsh, Summit App. No. 22849, 2006-Ohio-1552. However, her reliance is misplaced. Even under the most favorable view of the facts presented in this case, appellant's June 2003 release of her claims against the tortfeasor in exchange for a payment of $89,000 constituted notice to her that the limits of his UIM coverage had been exhausted. Appellant, however, pursued no "action" against appellee until she filed her complaint nearly three years later.
 {¶ 10} On the other hand, there is no provision in the insurance contract that permits the insured to recover on a claim as long as the insured demonstrates "substantial" compliance with its terms. See, e.g.,Shirley v. Republic-Franklin Ins. Co., 166 Ohio App.3d 590,2006-Ohio-1848. Appellant's attorney's letter dated September 28, 2004, which merely advises appellee that he was "prepared to proceed with" an UIM claim on appellant's behalf, was insufficient to comply with the policy's requirements.
 {¶ 11} For the foregoing reasons, the trial court correctly granted summary judgment to appellee on appellant's UIM claim. Appellant's assignment of error is overruled. *Page 4 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and MELODY J. STEWART, J., CONCUR *Page 1