[Cite as *Progressive Direct Ins. Co. v. Glancy*, 2014-Ohio-3739.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Progressive Direct Insurance Company, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-1097 |
| v. | : | (Ct.Cl. No. 2013-00561-PR) |
| Theodore Glancy, Jr. et al., | : | (REGULAR CALENDAR) |
| Defendants/Third-Party Plaintiffs-Appellants, | : | |
| | : | |
| Ohio Department of Transportation, | : | |
| Third-Party Defendant-Appellee. | : | |
| United Ohio Insurance Company, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-1098 |
| v. | : | (Ct.Cl. No. 2013-00607-PR) |
| Theodore Glancy, Jr. et al., | : | (REGULAR CALENDAR) |
| Defendants/Third-Party Plaintiffs-Appellants, | : | |
| | : | |
| Ohio Department of Transportation, | : | |
| Third-Party Defendant-Appellee. | : | |

## D E C I S I O N

### Rendered on August 28, 2014

*Stark & Knoll Co., LPA, Harry A. Tipping, Christopher A. Tipping* and *Patrick G. O'Connor*, for appellants Gilliano Motor Transport, Inc. and Theodore Glancy, Jr.

*Michael DeWine*, Attorney General, *Peter E. DeMarco* and *Frank S. Carson*, for appellee Ohio Department of Transportation.

———————————————————————

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1}   Defendants and third-party plaintiffs-appellants, Gilliano Motor Transport, Inc. and Theodore Glancy, Jr. ("appellants"), appeal the December 11, 2013 judgment of the Court of Claims of Ohio granting the motion to dismiss of third-party defendant-appellee, Ohio Department of Transportation ("ODOT"). For the reasons that follow, we reverse the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2}   This consolidated appeal arises out of two related cases:  in case No. 13AP-1097, Progressive Direct Insurance Company ("Progressive") filed a complaint on September 5, 2013; and in case No. 13AP-1098, United Ohio Insurance Company ("United") filed a complaint on September 10, 2013.  Progressive and United's complaints alleged that, on September 12, 2011, a multiple-vehicle accident occurred in Walnut Creek Township, Ohio when Theodore Glancy, Jr. ("Glancy"), an employee working within the scope and course of his employment for Gilliano Motor Transport, Inc., negligently operated a motor vehicle causing damage to motor vehicles operated by persons insured by Progressive and United. Both complaints were filed against appellants in the Holmes County Court of Common Pleas seeking judgments for amounts Progressive and United paid to their insured for injuries suffered as a result of alleged negligence on the part of appellants. None of the insured persons were parties to the complaints.

{¶ 3}   On September 17 and September 30, 2013, appellants filed answers to the complaints of Progressive and United and filed third-party complaints against ODOT, seeking contribution and indemnity for ODOT's alleged negligence, which was a direct and proximate cause of the motor vehicle collision between Progressive and United's insured and Glancy.  On September 23 and October 9, 2013, appellants filed petitions for removal of both cases to the Court of Claims of Ohio ("trial court").

{¶ 4}   On October 22 and October 30, 2013, ODOT filed in the trial court motions to dismiss the third-party complaints pursuant to Civ.R. 12(B)(6). After being fully briefed by the parties, the trial court granted ODOT's motions to dismiss on December 11, 2013.

## II. Assignment of Error

{¶ 5}   Appellants appeal assigning a single error for our review:

> The trial court erred in dismissing the Third-Party Complaints pursuant to Civ.R. 12(B)(6).

{¶ 6}   Appellants assert in their assignment of error that the trial court erred in dismissing their complaint for failing to state a claim under Civ.R. 12(B)(6) since: (1) R.C. 2743.02(D) does not apply to a joint tortfeasor's third-party contribution claim against the state; and (2) ODOT's liability to appellants is separate and distinct from its liability to the claimants and their insurers. ODOT responds that it lacks common liability with appellants since it cannot be liable to Progressive and United pursuant to R.C. 2743.02(D), and therefore dismissal was proper.

{¶ 7}   A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 12. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. "In contrast to the resolution of a Civ.R. 12(B)(1) motion, a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12(B)(6) motion to dismiss." *Washington Mut. Bank* at ¶ 13. An appellate court reviews de novo the dismissal of a complaint under Civ.R. 12(B)(6). *Id.* at ¶ 12.

{¶ 8}   Appellants filed their third-party complaint against ODOT pursuant to Civ.R. 14, which provides in pertinent part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all

or part of the plaintiff's claim against him." R.C. 2307.25 defines the scope of the right of contribution as follows:

> [I]f one or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share.

{¶ 9}   R.C. 2743.02(D) provides in pertinent part as follows: "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant." In *Community Ins. Co. v. Ohio Dept. of Transp.*, 92 Ohio St.3d 376 (2001), the plaintiff, an insurance company, paid its insured's hospital and medical expenses and then filed a complaint as the insured's subrogee against the state for alleged negligence that resulted in the insured's injury. The Supreme Court of Ohio, interpreting R.C. 2743.02(D), found that the insurer as subrogee was not a "claimant" separate and apart from the subrogor, the insured, and thus the insurer had no right of recovery greater than that of the insured. The Supreme Court held that "an insurer who has been granted a right of subrogation by a person on whose behalf the insurer has paid medical expenses incurred as the result of tortious conduct of the state is subject to R.C. 2743.02(D)." *Id.* at 379. As a result, R.C. 2743.02(D) mandated that the medical benefits the insured received from her insurer must be deducted from the amount due to her insurer from the state because the insured "could not transfer to [her insurer], by way of subrogation, a right to recover damages representing incurred medical expenses that [the insured] herself did not possess pursuant to R.C. 2743.02(D)." *Id.* at 378.

{¶ 10} In *Heritage Ins. Co. v. Ohio Dept. of Transp.*, 104 Ohio St.3d 513, 2004-Ohio-6766, the Supreme Court of Ohio was presented with the question of whether a joint tortfeasor or the tortfeasor's insurance company could seek contribution and indemnity from the state for damages paid by the tortfeasor or the tortfeasor's insurer to an injured

third-party. *Id.* at ¶ 6. The Supreme Court found that a joint tortfeasor and the tortfeasor's insurer were not claimants under R.C. 2743.02(D), as interpreted by *Community*, and held that "R.C. 2743.02(D) is not applicable to a joint tortfeasor seeking contribution and indemnity from the state." *Id.* at ¶ 18.

{¶ 11} ODOT contends that *Community* applies in this instance to preclude Progressive and United from recovering from ODOT any amounts they paid to their insured. Following from this premise, ODOT contends that it and appellants do not share common liability since neither Progressive nor United, as subrogees of the claimants, could bring a subrogation claim against ODOT to recover those amounts. As a result, ODOT argues that R.C. 2743.02(D) as a matter of law bars appellants from bringing a claim for contribution and indemnity against ODOT.

{¶ 12} In *Heritage*, the Supreme Court of Ohio clarified that *Community* applies only if the party seeking contribution and indemnity from the state is a "claimant" under R.C. 2743.02(D). *Id.* at ¶ 12. In *Community*, the Supreme Court of Ohio "establishe[d] that a party that raises a claim against the state is not necessarily a 'claimant' pursuant to the statute." *Heritage* at ¶ 13. The Supreme Court found that the insurer, through its role as subrogee of the injured subrogor, stood in the shoes of the claimant regardless of whether or not the subrogor was a party to the action, and thus became subject to the limitations of R.C. 2743.02. Here, ODOT is correct that Progressive and United, through their role as subrogees of their insured, are considered claimants and subject to the limitations on recoveries under R.C. 2743.02. However, as in *Heritage*, appellants, as joint tortfeasors, seek contribution and indemnity from the state. *Id.* at ¶ 14. Therefore, appellants are not claimants under R.C. 2743.02(D) as interpreted by *Heritage* and *Community* and remain unaffected by the statutory limitations on recovery. *Heritage* at ¶ 18.

{¶ 13} Here, unlike in *Community*, the issue is not whether the subrogee of the insured is able to recover from the state damages paid to its insured. Rather, as in *Heritage*, the issue is whether ODOT was negligent and, if so, whether appellants are entitled to contribution and indemnity. *Heritage* at ¶ 14. *See also Heritage Ins. Co. v. Ohio Dept. of Transp.*, 10th Dist. No. 02AP-838, 2003-Ohio-3111, ¶ 17.

{¶ 14} Further, as the Supreme Court of Ohio explained in *Heritage*, 104 Ohio St.3d 513, at ¶ 17, prohibiting a joint tortfeasor from seeking contribution from the state "would essentially make one tortfeasor's insurer liable for another joint tortfeasor's part of a judgment," meaning that "[t]he state would thus be immune from liability to the extent of the joint tortfeasor's insurance." *Id.* The Supreme Court concluded that, "[i]n no way does R.C. 2743.02(D) require that result." *Id.* *See also Selective Ins. Co. of Am. v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-597, 2012-Ohio-1314, ¶ 28 ("*Community Insurance* does not stand for the blanket proposition that subrogation claims against the state are not cognizable in the Court of Claims * * * [r]ather, *Community Insurance* holds that R.C. 2743.02(D) limits the extent to which a subrogee may recover damages.").

{¶ 15} ODOT contends that, even if appellants cannot seek contribution and indemnity from the state in the present action, appellants still can avoid paying more than their proportionate share of liability by proving an "empty chair" defense against ODOT in the Court of Common Pleas. Regardless of the truth of ODOT's contention, it is irrelevant to our determination since appellants chose to bring a complaint pursuant to Civ.R. 14 against ODOT as a third-party defendant, and nothing in R.C. 2943.02 prevents such a filing.

{¶ 16} Finally, ODOT contends that it cannot be liable for reimbursement of the insured's deductibles both in the present action and in separate lawsuits brought by the insured. ODOT concedes that it is liable for unreimbursed damages and that the payment of a deductible is an unreimbursed loss to an injured claimant. However, whether or not Progressive and United are seeking reimbursement for their insured's deductibles is not relevant to whether or not R.C. 2743.02(D) applies to bar appellants from stating a claim against ODOT, and we decline to consider the question further.

{¶ 17} Because R.C. 2743.02(D) is not applicable to a joint tortfeasor seeking contribution and indemnity from the state, the trial court erred by dismissing appellants' third-party complaint against ODOT. *Heritage*, 104 Ohio St.3d 513, at ¶ 18. Accordingly, we sustain appellant's assignment of error.

## III. Disposition

{¶ 18} Having sustained appellant's assignment of error, we reverse the judgment of the Court of Claims of Ohio and remand this cause for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

KLATT and CONNOR, JJ., concur.

_____