OPINION
{¶ 1} Defendant-appellant, Sidney T. Lewis, appeals from a judgment of the Franklin County Court of Common Pleas vacating the sheriff's sale of his property. Because the judgment does not adversely affect appellant, we dismiss this appeal.
 {¶ 2} On June 24, 2003, plaintiff-appellee, GMAC Mortgage Company ("GMAC"), filed a complaint in the Franklin County Court of Common Pleas alleging that the appellant was in default on a promissory note secured by a mortgage on property located at 1913 Argyle Drive, Columbus, Ohio ("the property"). GMAC averred that it was the holder of the note and mortgage, that the mortgage was a valid lien upon the real estate described in the mortgage, and that it was entitled to have the mortgage foreclosed. Appellant filed an answer in which he admitted executing the note and mortgage. He also admitted that the principal sum of the loan was outstanding. Appellant denied, however, that GMAC was entitled to foreclose on the mortgage. He also filed a counterclaim against GMAC, alleging that the complaint contained misleading and false information.
 {¶ 3} Subsequently, GMAC moved for summary judgment. GMAC supported its motion with an employee affidavit stating that GMAC was the holder of the note and mortgage, that appellant was in default, that GMAC accelerated the debt, and that appellant owed the principal of $41,411.34 plus interest. On September 19, 2003, the trial court granted GMAC summary judgment and ordered the mortgage foreclosed and the property sold if appellant could not satisfy the amount due and payable. Appellant did not pay the amount due. On October 15, 2003, appellant filed a motion to set aside the trial court's foreclosure order. Before the trial court addressed appellant's motion, the property was appraised at $63,000 and scheduled for a sheriff's sale on December 26, 2003. The property was not sold on that date. The property was re-appraised in May 2004 at $54,000.
 {¶ 4} On June 21, 2004, the trial court amended its September 19, 2003 order of foreclosure to eliminate appellant's personal liability on the promissory note. The trial court also denied appellant's motion to set aside its order of foreclosure and scheduled the property for another sheriff's sale on July 9, 2004. On July 8, 2004, however, appellant filed a motion for stay as well as a notice of appeal to this court from the trial court's June 21, 2004 order amending its foreclosure order. GMAC did not timely receive notice of appellant's appeal and purchased the property at the July 9 sheriff's sale. That sale has never been confirmed by the trial court. On August 5, 2004, appellant filed in this court a motion to dismiss his appeal, the result of a purported settlement reached between the parties. This court granted appellant's motion and dismissed his appeal on August 10, 2004. On January 5, 2005, the trial court reactivated the matter.
 {¶ 5} On March 10, 2005, GMAC filed a motion to vacate the July 9, 2004 sheriff's sale in which it purchased the property. GMAC claimed that appellant wanted an interior appraisal of the property and requested an interior appraisal to satisfy appellant's concerns over the valuation of the property.[1] The trial court granted GMAC's motion and vacated the July 9, 2004 sheriff's sale. It is from this judgment which appellant appeals, assigning the following errors:
I. It is reversible error for the trial court to prejudice the instant Appellant's right to file a Derivative Claim resounding in "Tort" pursuant to O.R.C. § 2315.21(B)(1)(2) and "Breach of Duty" stemming from the Appellee's negligent, intentional, and unlawful purchase of the subject real property on July 9, 2004 * * * based on an unlawful real property appraisal which was not returned to the Court upon "Actual View" according to law * * * while said Appellee accrues unnecessary Statutory interests pursuant to O.R.C. § 2329.33 in its favor by the unreasonable delay * * * in filing its pleadings, motions, and otherwise concealment of certain "material facts" for over 270 days * * *. Under Civ.R.12(A)(2)(b), Appellant was uncon-stitutionally deprived of the 14 days to file a motion for leave to file a derivative claim or otherwise respond to the Appellee's "Motion to Set Aside" due to the" Order of Court Granting Appellee's Motion to Set Aside" issued by the Trial Court on the same day as the Motion, March 10, 2005. Appellant's derivative claim under O.R.C. § 2315.21(B)(1)(2) would [be] inclined to magnify the Appellee's unlawful purposes of "unjust enrichment" through retention of Appellant's "Beneficial Equitable Interest" in the subject property by using the guise of the Statutory Interest scheme to pilfer Appellant's "equitable collateral interests" and impede the Appellant's" Right of Redemption" through accumulated accrued interest penalty and unnecessary costs.
II. It is reversible error for the trial court to arbitrarily include Mario Casas, Maria Ingraham, and Beneficial Ohio as Defendants and contingent purchasers * * * then exclude Mario Casas, Maria Ingraham, and Beneficial Ohio as Defendants and Purchasers of the subject property at the Sheriff's Sale of July 9, 2005 * * *.
III. The present case involves [w]hether or not the Appellee knew or should have known by the Appellate Court issues in Appellate Case No. 04AP-690, that involved an "unlawful appraisal of the subject property" * * * and that the Appellate Court Order in Appellate Case No. 04AP-690 as filed on August 10, 2004, appraised the Appellee that the subject property, a residential dwelling, was not appraised upon "actual view" in accordance with R.C. § 2329.17, and for Appellee to purchase said property under such circumstances on July 9, 2004, would constitute" constructive fraud" upon Appellant.
IV. The present case involves [w]hether or not the Appellee knew or should have known that its delay in filing a Motion To Vacate The Sheriff's Sale from July 9, 2004 * * * until Appellee's Motion to Set Aside Sheriff's Sale filed on March 10, 2005 * * * would cause statutory interest to accrue, accumulate, and otherwise prejudice and diminish the Appellant's "equitable collateral interests", or otherwise cause "unjust enrichment" by the unnecessary accr5ued statutory interest penalty, costs, and diminished "equitable collateral interests" as additional financial injury to the collateral remainder interests of the Appellant.
 {¶ 6} Although appellant's assignments of error are very difficult to decipher, it is apparent that he is appealing from the trial court's order vacating the sheriff's sale of his property. Absent that order, however, appellant would lose title to the property because GMAC purchased the property at the July 9 sheriff's sale. Therefore, appellant appeals from an order that is favorable to him. It is fundamental that an appeal lies only on behalf of an aggrieved party. Ohio Contract CarriersAssn., Inc. v. Public Utilities Comm. (1942), 140 Ohio St. 160, syllabus. Thus, in order to have standing to appeal, a person must be able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment appealed from.Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals
(2001), 91 Ohio St.3d 174, 177; Farmer v. Farmer (Dec. 29, 1999), Columbiana App. No. 98-CO-58. A future, contingent, or speculative interest is not sufficient to confer standing to appeal. Id., citing OhioContract Carriers Assn., supra. The party seeking to appeal bears the burden to establish standing. Jenkins v. Gallipolis (1998),128 Ohio App.3d 376, 381.
 {¶ 7} Appellant has not demonstrated a present interest that has been prejudiced by the trial court's order vacating the sheriff's sale. Appellant first argues that the order prejudiced his rights to file a claim against GMAC arising from the unlawful purchase of the property. We disagree. To the extent his claim relates to irregularities associated with the sheriff's sale, that claim became moot when the trial court vacated the sale. Moreover, vacating the sheriff's sale does not prejudice appellant's ability to assert any other claim against GMAC.
 {¶ 8} Appellant also contends that the property was not appraised based on an actual view of the interior of the property before the sheriff's sale. Again, the trial court's order vacated the previous sheriff's sale of the property and provided for another appraisal of the property, one that would include an interior inspection of the property as appellant requested. Therefore, the trial court's order does not prejudice appellant's rights. In fact, the order provides him the relief he requested. Cf. Lewis v. J.E. Wiggins Co., Franklin App. No. 04AP-469,2004-Ohio-6724, at ¶ 23 (entry which grants requested relief cannot be characterized as adverse).
 {¶ 9} Appellant has not demonstrated a present interest in this case that has been prejudiced by the trial court's order vacating the sheriff's sale. Accordingly, appellant has not been adversely affected by the order and lacks standing to pursue this appeal. This appeal is dismissed and the case is remanded to the trial court for further proceedings.
Appeal dismissed and cause remanded.
Brown, P.J., and McGrath, J., concur.
[1] The trial court had already granted GMAC's request that the appraisal of appellant's property include an interior inspection.