OPINION
{¶ 1} Plaintiff-appellant, Washington Mutual Bank, fka Washington Mutual Bank FA, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed its complaint against defendants-appellees, Jack K. Beatley and 64 W. *Page 2 
Northwood Avenue, LLC (collectively referred to as appellees). For the following reasons, we reverse that judgment and remand the matter for further proceedings.
 {¶ 2} On July 14, 2006, appellant filed a complaint for foreclosure in the Franklin County Court of Common Pleas against appellees. In the complaint, appellant alleged that it was the holder of a note and a mortgage securing such note and that the appellees had defaulted on payment of the note. Appellant requested judgment in the amount of the balance due on the note as well as foreclosure of the mortgage and sale of the property located at 64 W. Northwood Avenue in Columbus, Ohio.
 {¶ 3} In lieu of an answer, appellees filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6). Appellees argued that appellant's name, "Washington Mutual Bank, fka Washington Mutual Bank FA," was an unregistered, fictitious name as defined in R.C. 1329.01. Appellees claimed that appellant's failure to register its fictitious name deprived it of standing to commence the present action because R.C. 1329.10(B) prohibits any person doing business under a fictitious name from commencing an action in Ohio courts in the fictitious name without first registering its fictitious name. Equating the lack of standing with a lack of jurisdiction, appellees argued that the trial court lacked subject matter jurisdiction over the case. Appellees further claimed that appellant failed to state a claim upon which relief could be granted because the trial court did not have jurisdiction over the case and, therefore, could not grant appellant any relief.
 {¶ 4} The trial court granted appellees' motion to dismiss the complaint. In its decision, the trial court held that a motion to dismiss for lack of standing is permissible under Civ.R. 12(B)(1). The trial court went on to consider evidence beyond the *Page 3 
allegations of the complaint to determine whether appellant had standing to commence this action. Specifically, appellees submitted an affidavit from one of its attorneys with its motion to dismiss. Attached to the affidavit were certified documents from the Ohio Secretary of State's Office. The documents state that the Secretary of State has no records of any Ohio corporation, foreign corporation, Ohio limited liability corporation, foreign limited liability corporation, Ohio limited partnership, foreign limited partnership, Ohio limited liability partnership, foreign limited liability partnership, trade name registration, or report of use of fictitious name, either active or inactive, known as Washington Mutual Bank or Washington Mutual Bank FA.
 {¶ 5} Based on these documents, the trial court determined that Washington Mutual Bank and Washington Mutual Bank FA were fictitious names that had not been registered with the Secretary of State's office. Given appellant's failure to register its fictitious names, the trial court determined that appellant could not maintain this action. Although the exact basis of its decision is somewhat unclear, the trial court mentioned appellant's lack of standing as well as its lack of capacity to sue in dismissing appellant's complaint under Civ.R. 12(B)(1). The trial court also determined that because appellant lacked standing or capacity to sue, appellant failed to state a claim upon which relief could be granted. Accordingly, the trial court dismissed appellant's complaint based on both Civ.R. 12(B)(1) and 12(B)(6).
 {¶ 6} Appellant appeals and assigns the following error:
 The trial court erred as a matter of law in granting defendants-appellees' Motion to Dismiss plaintiff-appellant's Complaint.
 {¶ 7} Appellees have filed a motion to dismiss this appeal, arguing that appellant may not maintain this appeal because it is an unregistered foreign corporation. We *Page 4 
disagree. In order to have standing to appeal, a party must be able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment appealed from. McCarthy v.Lippitt, Monroe App. No. 04-MO-1, 2004-Ohio-5367, at ¶ 59; GMAC Mtge.Co. v. Lewis, Franklin App. No. 05AP-284, 2005-Ohio-5165, at ¶ 6;Deutsche Bank Trust Co. v. Barksdale Williams, Cuyahoga App. No. 88252,2007-Ohio-1838, at ¶ 12. Appellant was a party in the trial court and it has a present interest in the subject matter of this litigation. Appellant's interest in the subject matter of the litigation was prejudiced by the trial court's dismissal of its complaint for foreclosure. Therefore, appellant has standing to pursue this appeal. Appellees' motion to dismiss is denied.
 {¶ 8} Appellant appeals from the trial court's dismissal of its complaint. We first address the propriety of that dismissal pursuant to Civ.R. 12(B)(1). This rule permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.Milhoan v. Eastern Loc. School Dist. Bd. of Edn., 157 Ohio App.3d 716,2004-Ohio-3243, at ¶ 10; State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80. We review an appeal of a dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) de novo. Moore v. FranklinCty. Children Servs., Franklin App. No. 06AP-951, 2007-Ohio-4128, at ¶ 15; Newell v. TRW, Inc. (2001), 145 Ohio App.3d 198, 200.
 {¶ 9} A trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction under Civ.R. 12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. *Page 5 
 Southgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus; Moore.
 {¶ 10} The trial court's dismissal pursuant to Civ.R. 12(B)(1) appears to be based on appellant's lack of standing or lack of capacity to sue. However, neither standing nor capacity to sue challenges the subject matter jurisdiction of a court in this context. State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70, 77 ("Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court."); Country Club Townhouses-NorthCondominium Unit Owners Assn. v. Slates (Jan. 24, 1996), Summit App. No. 17299 ("Capacity to sue or be sued does not equate with the jurisdiction of a court to adjudicate a matter; it is concerned merely with a party's right to appear in a court in the first instance."); see, also,Benefit Mtg. Consultants, Inc. v. Gencorp, Inc. (May 22, 1996), Summit App. No. 17488 ("Capacity to sue is not jurisdictional."). These issues are properly raised by a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Woods v. Oak HillCommunity Med. Ctr, Inc. (1999), 134 Ohio App.3d 261, 267 (noting that dismissal for lack of standing is a dismissal pursuant to Civ.R. 12[B][6]); Bourke v. Carnahan, Franklin App. No. 05AP-194,2005-Ohio-5422, at ¶ 10 ("Elements of standing are an indispensable part of a plaintiff's case."); Kiraly v. Francis A. Bonanno, Inc. (Oct. 29, 1997), Summit App. No. 18250 (affirming Civ.R. 12[B][6] dismissal of complaint for plaintiff's lack of capacity to sue).
 {¶ 11} Because standing and capacity to sue do not challenge the subject matter jurisdiction of a court, the trial court erred when it dismissed appellant's complaint on these grounds pursuant to Civ.R. 12(B)(1). Dismissal pursuant to this rule focuses on a *Page 6 
court's subject matter jurisdiction over the claims raised in the complaint, not the standing or capacity of the plaintiff to bring those claims. Cf. Moore, quoting Vedder v. Warrensville Hts., Cuyahoga App. No. 81005, 2002-Ohio-5567, at ¶ 15 ("The issue of subject-matter jurisdiction involves `a court's power to hear and decide a case on the merits and does not relate to the rights of the parties'".). Our review of the record reveals no support for the proposition that the trial court lacked subject matter jurisdiction over this foreclosure action.
 {¶ 12} The trial court also dismissed appellant's complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. Id.,O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. This court reviews a trial court's disposition of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo.Stewart v. Fifth Third Bank of Columbus (Jan. 25, 2001), Franklin App. No. 00AP-258.
 {¶ 13} In contrast to the resolution of a Civ.R. 12(B)(1) motion, a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12(B)(6) motion to dismiss. Estate of Sherman v.Millhon (1995), 104 Ohio App.3d 614, 617; New 52 Project, Inc. v.Proctor, Franklin App. No. 07AP-487, 2008-Ohio-465, at ¶ 3 (court must *Page 7 
limit its consideration to the four corners of the complaint when deciding a Civ.R. 12[B][6] motion to dismiss).
 {¶ 14} In this case, the trial court relied on matters outside appellant's complaint to resolve appellees' motion to dismiss. The court relied on documents from the Secretary of State's office attached to an affidavit filed in support of appellees' motion to dismiss. Appellees argue that the trial court considered these documents solely for purposes of the Civ.R. 12(B)(1) analysis. We disagree. The trial court expressly considered these documents in its standing/capacity analysis. That analysis was also the basis of its decision to grant appellees' motion to dismiss pursuant to Civ.R. 12(B)(6).
 {¶ 15} When a Civ.R. 12(B)(6) motion to dismiss presents matters outside the pleadings, the trial court may either exclude the extraneous matter from its consideration or treat the motion as one for summary judgment and dispose of it pursuant to Civ.R. 56. Powell v. Vorys,Sater, Seymour Pease (1998), 131 Ohio App.3d 681, 684. A trial court may not, however, sua sponte convert a Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment and dispose of it without giving notice to the parties of its intent to do so. Id.; State ex rel. Baranv. Fuerst (1990), 55 Ohio St.3d 94, 97. Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. Charles v.Conrad, Franklin App. No. 05AP-410, 2005-Ohio-6106, at ¶ 30.
 {¶ 16} The trial court effectively converted appellees' Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment by considering the documents appellees submitted with its motion. However, the court did not notify the parties of its intent to convert the motion to dismiss into a summary judgment motion. This failure is reversible *Page 8 
error. Id.; Chahda v. Youseff, Cuyahoga App. No. 82505, 2004-Ohio-635, at ¶ 12; Wickliffe Country Place v. Kovacs (2001), 146 Ohio App.3d 293,297-298; Stewart.
 {¶ 17} The trial court erred when it dismissed appellant's complaint pursuant to both Civ.R. 12(B)(1) and 12(B)(6). Given this disposition, we need not address appellant's preemption arguments. Accordingly, appellant's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed. The matter is remanded for further proceedings consistent with law and this opinion
Appellees' motion to dismiss denied; judgment reversed and causeremanded.
BROWN and FRENCH, JJ., concur. *Page 1