[Cite as *Jabr v. Consumer Cellular, Inc.*, 2019-Ohio-1861.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tareq Jabr, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-573 |
| v. | : | (C.P.C. No. 18CV-4002) |
| Consumer Cellular, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 14, 2019

**On brief:** *Tareq Jabr,* pro se. **Argued:** *Tareq Jabr.*

**On brief:** *Patrick H. Boggs,* and *John P. Miller,* for appellee. **Argued:** *John P. Miller.*

APPEAL from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1} Plaintiff-appellant, Tareq Jabr, filed a pro se complaint against Consumer Cellular, Inc., seeking monetary damages. The trial court granted appellee's Civ.R. 12(B)(6) motion to dismiss. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On May 15, 2018, appellant filed a complaint against appellee, his former cell phone provider. Appellant had been a customer for five years. The complaint is difficult to decipher, however, it appears appellant is contending that a third party stole his phones and/or phone lines from the poles behind his home and his phones lines are tapped. The phone lines are being used for illegal things. Appellant argues that appellee

refused to resolve a situation which has led to appellant's misfortunes and alleged damages and, in doing so, appellee violated the Consumer Sales Practices Act.

{¶ 3}   On June 18, 2018, appellee filed a motion to dismiss contending that the complaint consists of indecipherable allegations and unsupported legal conclusions.  The trial court agreed and granted appellee's Civ.R. 12(B)(6) motion.[1]

## II. Assignments of Error

{¶ 4}   Appellant filed a timely notice of appeal and raised the following assignment of error:

> THE DEFS, CONSUMER CELL, INC, FAILED TOO PROTECT, TAREQ JABR FROM MAYHEM, FROM THESE CRIMINALs, YOUR HONORS.  ALSO THE JUDGE, AND COURT, FELL WILL BELOW OF THE LEGAL STANDARDS, OF PROCEDING WOTH THIS CASE, CAUSE A MISTAKE IS VERY EXPENSIVE, CAUSE TAREQ JABR HAS INJURIES THAT ARE GOING TO LAST FOREVER, ALSO MY CIVIL RIGHTS, ARE BEING VIOLATED, ALSO THE 7TH AMENDMENT OF LAWS ALLOWS A PERSON A FAIR TRIAL WITHOUT ANY BIAS OR ARTIBRARY, AGAINST THE PLAINTIFF TAREQ JABR, YOUR HONORS.

(Sic passim.)

## III. Standard of Review

{¶ 5}   A motion to dismiss pursuant to Civ.R. 12(B)(6) " 'is procedural and tests the sufficiency of the complaint.' "  *Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 12, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).  In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).  The court must presume all factual allegations contained in the complaint to be true and draw all reasonable inferences in favor of the nonmoving party.  *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5.  An appellate court uses a de novo standard of

---

[1] Appellant contends that appellee's motion to dismiss was filed late.  However, Civ.R. 12 requires that appellee file the answer within 28 days of service of the complaint, not 28 days from the filing of the complaint.  Here, service of the complaint occurred on May 21, 2018, and the motion to dismiss was filed 28 days later on June 18, 2018.

review to determine whether the dismissal of a complaint pursuant to Civ.R. 12(B)(6) was proper. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

## IV. Discussion

{¶ 6}  Appellant's assignment of error seems to contend that the trial court erred in dismissing his complaint because appellee failed to protect him from the third-party criminals and, in dismissing his complaint, the trial court violated his civil rights because he was entitled to a fair trial.  It appears that appellant's complaint contends that appellee is responsible for the criminal acts of the third parties, who are not parties to this case.  Further, it appears that appellant alleges that his health declined as a result of the stress created by the situation of having his phone line stolen and used to commit crimes and because appellee did not prevent the theft, it is responsible.

{¶ 7}  However, after reviewing appellant's complaint, we are unable to discern a cognizable claim against appellee.  Appellee is not responsible for the criminal acts of unnamed third parties.  Legal conclusions which are unsupported by any factual allegations in the complaint are insufficient to withstand a motion to dismiss.  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  Appellant's assignment of error is overruled.

## V. Conclusion

{¶ 8}  For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J. and BRUNNER, J., concur.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____