[Cite as *State ex rel. Small World Early Learning Ctr. v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-4329.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Small World Early Learning Center, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-532 |
| | : | (REGULAR CALENDAR) |
| Ohio Department of Job and Family Services, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on October 22, 2019

**On brief:** *Johnna M. Shia,* for relator.

**On brief:** *Dave Yost*, Attorney General, and *Rebecca L. Thomas,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Small World Early Learning Center, filed this original action requesting a writ of mandamus ordering respondent, Ohio Department of Job and Family Services ("ODJFS"), to vacate its decisions suspending and terminating relator's daycare provider agreement with ODJFS and denying relator's appeal of the termination decision, and to promulgate rules providing for appeal to court of a decision terminating a daycare provider agreement. ODJFS has filed a motion to dismiss relator's complaint for failure to state a claim upon which relief can be granted.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact

and conclusions of law, which is appended hereto. The magistrate recommends this court grant the motion to dismiss.

{¶ 3} Relator has filed objections to the magistrate's decision asserting the magistrate's findings of fact are incomplete and the magistrate failed to address all the claims in relator's complaint.

{¶ 4} Before considering relator's objections, we begin by addressing relator's motion to amend its complaint. On March 18, 2019, relator filed a motion for leave to file an amended mandamus complaint. Under Loc.R. 13(A) of this court, the Ohio Rules of Civil Procedure apply to original actions filed in this court. Civ.R. 15(A) provides that a party may amend a pleading once as a matter of course within 28 days of serving it. After that time, a party may amend a pleading only by written consent of the opposing party or by leave of court. The rule provides that "[t]he court shall freely give leave when justice so requires." Civ.R. 15(A).

{¶ 5} Despite the liberal amendment policy encouraged by Civ.R. 15(A), motions to amend pleadings may be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 25. In this case, relator sought to amend its complaint more than eight months after the original complaint was filed and nearly three months after the magistrate's decision was issued. The motion to amend was also filed after relator filed its objections to the magistrate's decision and respondent filed its response to those objections. Relator did not attach a copy of the proposed amended complaint to the motion, but the motion indicated that relator sought to clarify its existing claims *and* allege two or three *new* counts. Under these circumstances, we deny the motion to amend based on undue delay. Having denied the motion to amend, we will consider relator's objections to the magistrate's decision.

{¶ 6} Relator first objects to the magistrate's findings of fact, arguing they are incomplete. Relator asserts that certain facts contained in ODJFS's decision denying relator's appeal of the termination decision and in relator's memorandum in response to ODJFS's motion to dismiss were not considered by the magistrate and included in her findings of fact. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.

*Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 12.  "[A] trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12(B)(6) motion to dismiss."  *Id.* at ¶ 13.  The alleged facts cited by relator in its objections to the magistrate's decision were not contained in the complaint; therefore, they are beyond the scope that may be considered by the court in resolving ODJFS's motion to dismiss. Accordingly, we overrule relator's first objection to the magistrate's decision.

{¶ 7}   Relator also objects to the magistrate's conclusions of law, asserting the magistrate failed to address all the claims contained in the complaint.  "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.  The court must presume all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 8}   The first count in relator's complaint sought a writ of mandamus ordering ODJFS to promulgate rules permitting a judicial appeal by a provider of publicly funded child care for termination of a provider agreement.  The magistrate recommended this court grant ODJFS's motion to dismiss because the court could not order ODJFS to promulgate rules providing an appeal remedy that was not provided for by statute; therefore, the magistrate concluded, relator failed to state a claim on which relief could be granted.  We agree with the magistrate's assessment that mandamus will not lie to compel ODJFS to enact rules providing for judicial appeal in these circumstances.  *See State ex rel. Ohio Auto & Truck Wrecking Assn., Inc. v. Mainwaring*, 175 Ohio St. 497 (1964), paragraph one of the syllabus ("The authority conferred upon the Registrar of Motor Vehicles, by Section 4501.02, Revised Code, to adopt and promulgate such forms, rules and regulations as are necessary to carry out the Ohio Certificate of Title Act is discretionary, and consequently mandamus will not lie to compel him to issue any particular rule or regulation.").  Thus, to the extent the magistrate's decision recommends granting the motion to dismiss relator's first count, seeking a writ of mandamus compelling ODJFS to promulgate rules, we adopt the magistrate's decision as our own.

{¶ 9} Relator's complaint was not limited to seeking a writ of mandamus compelling ODJFS to promulgate rules; however, it also set forth a second count alleging that ODJFS abused its discretion by terminating the provider agreement. Although portions of the complaint are unclear, construing it in the light most favorable to relator as the non-moving party, the complaint appears to seek a writ of mandamus ordering ODJFS to reverse its decision terminating the provider agreement based on an abuse of discretion. "When an administrative agency makes a discretionary decision that is not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision." *State ex rel. V&A Risk Servs. v. Bur. of Workers' Comp.*, 10th Dist. No. 11AP-742, 2012-Ohio-3583, ¶ 18, citing *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 23. The magistrate's decision failed to address whether the second count of relator's complaint should be dismissed for failure to state a claim upon which relief could be granted. Based on our review of the complaint, construing all facts contained therein as true and drawing all reasonable inferences in favor of relator, we cannot find beyond doubt that relator can prove no set of facts entitling it to recovery. Therefore, we overrule in part and sustain in part relator's second objection to the magistrate's decision.

{¶ 10} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's first objection to the magistrate's decision. We overrule in part and sustain in part relator's second objection to the magistrate's decision. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, to the extent it recommends the motion to dismiss be granted with respect to the first count of relator's complaint. We return this matter to the magistrate for further proceedings on the second count of relator's complaint.

*Objections sustained in part and overruled in part;*
*motion to dismiss granted in part;*
*action remanded to magistrate for further proceedings.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.,<br>Small World Early Learning Center, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | | No. 18AP-532 |
| | : | |
| Ohio Department of<br>Job and Family Services, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

## MAGISTRATE'S DECISION

### Rendered on December 21, 2018

*Johnna M. Shia,* for relator.

*Michael DeWine,* Attorney General, and *Rebecca L. Thomas,* for respondent.

## IN MANDAMUS
## ON RESPONDENT'S MOTION TO DISMISS

{¶ 11} Relator, Small World Early Learning Center, has filed this original action requesting this court ordering respondent, Ohio Department of Job and Family Services ("ODJFS"), to issue a writ of mandamus to "promulgate rules pursuant to R.C. 5104.38 and R.C. 5101.46, to permit an appeal process for providers of publicly funded child care specifically concerning the termination of the provider agreement."

Findings of Fact:

{¶ 12} 1. Relator is a licensed child care provider that had a provider agreement with ODJFS to provide publicly funded daycare.

{¶ 13} 2. After receiving allegations that relator was improperly in possession of Ohio Electric Child Care ("ECC") swipe cards and that relator's staff was using those cards to check children into the center when they were not actually in attendance, ODJFS began an investigation.

{¶ 14} 3. At the conclusion of its investigation, ODJFS substantiated the allegations and determined that relator had been overpaid $442,963.67.

{¶ 15} 4. On April 15, 2016, ODJFS provided relator with a copy of its investigative report which recommended suspension and termination of the provider agreement and indicated the overpayment would be collected.

{¶ 16} 5. On April 20, 2016, relator filed an appeal of the suspension and termination, and sought reconsideration by ODJFS of the overpayment calculation.

{¶ 17} 6. On November 16, 2016, ODJFS notified relator that its appeal of the suspension and termination, as well as its reconsideration of the overpayment calculation, were both denied. The notice further informed relator: "This appeal decision is final and not subject to further review by the department."

{¶ 18} 7. On November 22, 2016, relator filed a notice of appeal in the Montgomery Court of Common Pleas pursuant to R.C. 119.12 and 5101.35.

{¶ 19} 8. On December 19, 2016, ODJFS moved to dismiss the appeal for lack of jurisdiction pursuant to Civ.R. 12(B)(1) arguing the decision on appeal were not adjudications by an agency for purposes of R.C. Chapter 119 and that R.C. 5101.35 did not provide statutory authority for an appeal of the decisions.

{¶ 20} 9. On January 26, 2017, the trial court granted ODJFS' motion to dismiss specifically finding that relator failed to provide any authority to support a determination that it had the right to appeal and, as such, the trial court lacked jurisdiction.

{¶ 21} 10. Relator appealed that decision to the Second District Court of Appeals in *Small World Early Childhood Ctr. v. Ohio Dept. of Job and Family Servs.,* 2nd Dist. No. 27448, 2017-Ohio-8336, which rendered a very well thought out recitation of the applicable

law, and upheld the determination of the common pleas court to dismiss the appeal. Specifically, the court concluded:

> [N]o provision in R.C. Chapter 5104 or administrative rule related to the publicly funded child care authorizes an appeal to the court of common pleas from an ODJFS decision suspending or terminating a contract entered pursuant to R.C. 5104.32 or a decision regarding an identified overpayment.

*Id.* at ¶ 22.

{¶ 22} 11. On July 3, 2018, relator filed the instant mandamus action asking this court to order ODJFS to promulgate rules which would specifically provide a right to appeal to common pleas court where relator and other parties similarly situated would be able to present evidence and receive an independent review on appeal.

{¶ 23} 12. On July 16, 2018, respondent filed a motion to dismiss on grounds this court cannot order ODJFS to promulgate such rules.

{¶ 24} 13. On August 14, 2018, relator filed a memorandum in response to the motion to dismiss acknowledging there are no provisions in R.C. Chapter 5104 or the Ohio Administrative Rule which authorize judicial review from this determination but asserts ODJFS is clearly mandated to do so.

{¶ 25} 14. On August 27, 2018, respondent filed a reply.

{¶ 26} 15. The matter is currently before the magistrate on respondents' motions to dismiss.

Conclusions of Law:

{¶ 27} For the reasons that follow, it is this magistrate's decision that this court should grant respondents' motions, and dismiss this mandamus action.

{¶ 28} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 29} Relator asks this court to order ODJFS to promulgate specific rules which would allow for appeals to common pleas court where new evidence can be admitted and the determination of ODJFS to terminate a provider agreement can be independently

reviewed. A review of the Second District Court of Appeals decision cited previously, provides a thorough and well-reasoned analysis of both R.C. Chapter 5104 and R.C. 5101.35. Specifically, that decision provides:

> We begin with a review of the relevant portions of R.C. Chapter 5104, the chapter under which Small World contracted with ODJFS to receive public funds for child daycare. (Pursuant to R.C. 5101.30, ODJFS was designated as the state agency responsible for administration and coordination of federal and state funding for publicly funded child care in Ohio.)
>
> Certain provisions governing publicly funded child care required the creation of a process for applying for publicly funded child care, as well as procedures for determining whether the applicant is eligible to receive publicly funded child care. See R.C. 5104.33 and R.C. 5104.34. R.C. 5104.34(A)(1) expressly provides that "[a]n applicant aggrieved by a decision or delay in making an eligibility determination may appeal the decision or delay to the department of job and family services in accordance with section 5101.35 of the Revised Code. The due process rights of applicants shall be protected."
>
> R.C. 5104.31 specifies what entities may provide publicly funded child care, and R.C. 5104.32(A) requires that "all purchases of publicly funded child care shall be made under a contract entered into by a licensed child day-care center  * * * and the department of job and family services." R.C. 5104.32(B) sets forth specific terms that are required to be included in each contract for publicly funded child care. R.C. 5104.32(A) further provides, in part:
>
> To the extent permitted by federal law and notwithstanding any other provision of the Revised Code that regulates state contracts or contracts involving the expenditure of state or federal funds, all contracts for publicly funded child care shall be entered into in accordance with the provisions of this chapter and are exempt from any other provision of the Revised Code that regulates state contracts or contracts involving the expenditure of state or federal funds.
>
> Small World was a licensed child daycare provider that contracted with ODJFS to provide publicly funded child care, pursuant to R.C. 5104.32.

Finally, R.C. 5104.37 provides that ODJFS may withhold any money due and may recover any money erroneously paid to an eligible provider of publicly funded child care if evidence exists that the provider did not fully comply with the statutory requirements or any rules promulgated under the statute. This statutory section reads, in part:

(D) Subject to the notice and appeal provisions of divisions (G) and (H) of this section, the department may suspend a contract entered into under section 5104.32 of the Revised Code with an eligible provider if the department has initiated an investigation of the provider for either of the following reasons:

(1) The department has evidence that the eligible provider received an improper child care payment as a result of the provider's intentional act.

(2) The department receives notice and a copy of an indictment, information, or complaint charging the eligible provider or the owner or operator of the provider with committing [certain offenses].

(E)(1) Except as provided in division (E)(2) of this section, the suspension of a contract under division (D) of this section shall continue until the department completes its investigation * * *.

(2) If the department initiates the termination of a contract that has been suspended pursuant to division (D) of this section, the suspension shall continue until the termination process is completed.

(F) An eligible provider shall not provide publicly funded child care while the provider's contract is under suspension pursuant to division (D) of this section. * * *

(G) Before suspending an eligible provider's contract pursuant to division (D) of this section, the department shall notify the eligible provider. * * *

(H) *An eligible provider may file an appeal with the department regarding any proposal by the department to suspend the provider's contract pursuant to division (D) of this section. The appeal must be received by the department not later than fifteen days after the date the provider receives*

*the notification described in division (G) of this section. The department shall review the evidence and issue a decision not later than thirty days after receiving the appeal. The department shall not suspend a contract pursuant to division (D) of this section until the time for filing the appeal has passed or, if the provider files a timely appeal, the department has issued a decision on the appeal.*

(Emphasis added.) R.C. 5104.37(D)-(H). Nothing in R.C. 5104.37 provides for an appeal to the court of common pleas of a suspension or termination of an eligible provider's contract or of an order for repayment of any money erroneously paid to an eligible provider.

R.C. 5104.38 states that the director of ODJFS shall adopt rules, in accordance with R.C. Chapter 119, governing financial and administrative requirements for publicly funded child care. The statute enumerates 13 areas which were to be addressed by rule, none of which related to appeal procedures for eligible providers whose contracts were suspended or terminated or who were found to have wrongfully received payments. R.C. 5104.38(N) allowed for "[a]ny other rules necessary to carry out sections 5104.30 to 5104.43 of the Revised Code."

The rules for publicly funded child care are located in Ohio Adm.Code Ch. 5101:2-16. Ohio Adm.Code 5101:2-16-44 states that "[t]he provider agreement as entered into with ODJFS may be suspended and/or terminated if ODJFS determines misuse of publicly funded child care or Ohio ECC," and that "[t]he provider agreement as entered into with ODJFS, [sic] may be terminated in accordance with the terms contained in the agreement." *Id.* at (N), (O). However, this administrative rule does not provide any appeal rights.

Ohio Adm.Code 5101:2-16-71 relates to improper payments to providers or misuse of publicly funded child care. The rule addresses what is a "provider improper child care payment," what is misuse of publicly funded child care or Ohio ECC by a provider, what are the repayment procedures for an improper payment or an overpayment due to misuse of Ohio ECC, how a provider can request a review of the identified overpayment, and what is provider fraud. With respect to the review provision, Ohio Adm.Code 5101:2-16-71(D) states:

(D) Can a child care provider request a review of an identified overpayment?

(1) A child care provider may request in writing to ODJFS that a reconsideration review be conducted for any identified overpayment that is subject to recoupment.

(2) The written request must be received by ODJFS no later than fifteen days after the date the provider receives the overpayment notice.

Finally, Ohio Adm.Code 5101:2-16-72 addresses "program integrity reviews" of the publicly funded child care program, which include reviews, audits, investigations, and other activities to ensure that the program is limited to eligible participants and that "payments to providers are for actual services provided and conform to program rules." The rule states, in part:

(F) What happens if ODJFS determines misuse of publicly funded child care or Ohio electronic child care (Ohio ECC) * * *?

ODJFS may do any of the following:

(1) Suspend the provider agreement entered into with ODJFS pursuant to rule 5101:2-16-44 of the Administrative Code and in accordance with section 5104.37 of the Revised Code.

(2) Terminate the provider agreement entered into with ODJFS pursuant to rule 5101:2-16-44 of the Administrative Code.

Ohio Adm.Code 5101:2-16-72 does not address rights to appeal the ODJFS action.

In summary, no provision in R.C. Chapter 5104 or administrative rule related to the publicly funded child care authorizes an appeal to the court of common pleas from an ODJFS decision suspending or terminating a contract entered pursuant to R.C. 5104.32 or a decision regarding an identified overpayment.

B. R.C. 119.12

Small World sought judicial review of ODJFS's decision under R.C. 119.12. HN12 R.C. Chapter 119, the Ohio Administrative Procedure Act, focuses on two distinct sets of procedures: (1) the procedures governing administrative rulemaking (R.C.

119.02 to 119.04), and (2) the procedures governing administrative decisions by agencies (R.C. 119.06 to 119.13). *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St. 3d 560, 2009-Ohio-1355, 906 N.E.2d 409, ¶ 28. "[T]he second part of the chapter, R.C. 119.06 to 119.13, * * * concerns agency adjudications and the procedures for notice, hearing, and appeal of those decisions." *Id.* at ¶ 29.

R.C. 119.12 specifies who may pursue an administrative appeal in the common pleas court. Specifically, R.C. 119.12(A)(1) states:

Except as provided in division (A)(2) or (3) of this section, any party adversely affected by any order of an agency issued pursuant to an *adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code* may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident.
(Emphasis added.) Alternatively, R.C. 119.12(B) provides, "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *." (Emphasis added.)

R.C. 119.01 provides definitions for relevant terms. The term "agency" is defined as:

"Agency" means, except as limited by this division, [1] any official, board, or commission having authority to promulgate rules or make adjudications in the civil service commission, the division of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, [2] the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and [3] the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses.

R.C. 119.01(A)(1). With respect to the ODJFS, R.C. 119.01(A)(2) further provides:

(2) "Agency" also means any official or work unit having authority to promulgate rules or make adjudications in the department of job and family services, but only with respect to both of the following:

(a) The adoption, amendment, or rescission of rules that section 5101.09 of the Revised Code requires be adopted in accordance with this chapter;

(b) The issuance, suspension, revocation, or cancellation of licenses.
R.C. 119.01(A) also exempts certain named agencies from its coverage.

"Adjudication" means "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." R.C. 119.01(D). "License" is defined as "any license, permit, certificate, commission, or charter issued by any agency." R.C. 119.01(B).

 Small World argues that it was aggrieved by a decision of ODJFS and that it has a right to appeal that decision pursuant to R.C. 119.12. Small World complains that ODJFS should have promulgated rules providing for a state hearing and judicial review. Small World's arguments are unavailing.

R.C. 119.12 does not provide for judicial review of all decisions of all state agencies. *See, e.g., Baltimore Ravens, Inc. v. Self-Insuring Emp. Evaluation Bd.,* 94 Ohio St. 3d 449, 452, 2002 Ohio 1362, 764 N.E.2d 418 (2002); *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.,* 66 Ohio St.2d 192, 194, 421 N.E.2d 128 (1981). ODJFS constitutes an "agency" for purposes of R.C. 119.01(A) only if "it is described by one or more of the three branches of the definition of 'agency' and not otherwise excluded." *Id.* Again, those branches consist of (1) the agencies enumerated in the statute, (2) "functions * * * specifically made subject to R.C. 119.01 to R.C. 119.13," and (3) agencies with the authority to issue, suspend, revoke or cancel licenses.

Here, ODJFS is not one of the agencies specifically identified in R.C. 119.01(A)(1), and this matter does not concern licenses. R.C. 5104.38 grants rulemaking power to ODJFS

regarding financial and administrative requirements for publicly funded child care and required the rules to be adopted in accordance with R.C. Chapter 119. However, R.C. Chapter 5104 did not make decisions relating to contracts with publicly funded child care providers subject to R.C. 119.12 (the right to appeal adjudications). Accordingly, ODJFS does not fall within the definition of an agency, as set forth in R.C. 119.12(A)(1).

R.C. 119.01(A)(2) specifically addresses ODJFS. The decisions that Small World attempted to appeal to the trial court did not concern "the adoption, amendment, or rescission of rules" and "the issuance, suspension, revocation, or cancellation of licenses." Consequently, ODJFS also is not an agency within the meaning of R.C. 119.01(A)(2).

Because the two decisions on appeal are not decisions of an "agency," as defined by R.C. 119.01(A), Small World had no right to appeal the two decisions to the court of common pleas pursuant to R.C. 119.12.

Small World further asserts that it can appeal the two ODJFS decisions, pursuant to R.C. 119.12, because R.C. 5101.46 (governing of the administration of Title XX social service funding through grants to ODJFS) grants ODJFS rule-making authority, in accordance with R.C. Chapter 119, regarding publicly funded child care. R.C. 5101.46 states, in part: "Rules governing eligibility for services, program participation, and other matters pertaining to applicants and participants shall be adopted in accordance with Chapter 119. of the Revised Code." (We note that R.C. 5104.38 also gave rulemaking authority to the director of ODJFS regarding publicly funded child care.)

The Supreme Court of Ohio has noted that many statutes incorporate R.C. Chapter 119 for limited purposes that did not include judicial review. *E.g., Baltimore Ravens* at 456-457 (discussing R.C. 4123.352(C), R.C. 4112.05, and other statutes as examples where R.C. Chapter 119 was incorporated for rulemaking, but did not provide a right of judicial review). We find nothing in R.C. Chapter 5101 and R.C. Chapter 5104 to indicate that a provider of publicly funded child care was granted a right of judicial review, pursuant to R.C. 119.12.

To the extent that Small World argues that ODJFS's decision to terminate the provider's contract is invalid, because ODJFS

failed to promulgate additional rules involving Title XX funding, that issue is not properly before us.

C. R.C. 5101.35

Small World further claims that it was entitled to appeal to the court of common pleas pursuant to R.C. 5101.35, the general appeal provision for ODJFS. Under R.C. 5101.35(B), "an appellant who appeals under federal or state law a decision or order of an agency administering a family services program shall, at the appellant's request, be granted a state hearing by the department of job and family services." R.C. 5101.35(C) further provides:

Except as provided by division (G) of this section, an appellant who disagrees with a state hearing decision may make an administrative appeal to the director of job and family services in accordance with rules adopted under this section. This administrative appeal does not require a hearing, but the director or the director's designee shall review the state hearing decision and previous administrative action and may affirm, modify, remand, or reverse the state hearing decision. An administrative appeal decision is the final decision of the department and, except as provided in section 5160.31 of the Revised Code, is binding upon the department and agency, unless it is reversed or modified on appeal to the court of common pleas.

R.C. 5101.35(E) expressly provides for judicial review. It states, in part: "An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code."

Small World asserts that it is an "appellant" of a decision of an "agency" administering a "family services program." There is no question that the provision of publicly funded child care is a "family services program." R.C. 5101.35(A)(3)(a) includes "[p]rograms that provide assistance under Chapter 5104. or 5115. of the Revised Code" in the definition of a "family services program." In addition, ODJFS is an "agency" under R.C. 5101.35. R.C. 5101.35(A)(1)(a) defines an "agency" as any of several entities, including ODJFS, that administer a family services program.

> The parties dispute whether Small World constitutes an "appellant." The term "appellant" is defined as "an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." R.C. 5101.35(A)(2).
>
> Small World asserts that it is an "appellant" under R.C. 5101.35(A)(2), because it was a "participant" in the publicly funded child care program. ODJFS responds that a child care provider receiving public funds pursuant to a contract with ODJFS is not a "participant" in the program. ODJFS further argues that R.C. 5101.35(E) provides for an appeal from an "administrative appeal decision" issued in an appeal from a "state hearing decision," and that since Small World was not entitled to such a hearing, R.C. 5101.35(E) is inapplicable.
>
> We need not address whether Small World was a "participant" of a family services program, because we find the more critical aspect of the definition of "appellant" to be whether Small World was "entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." As discussed above, nothing in the provisions governing publicly funded child care or R.C. Chapter 119 entitled Small World to a hearing. Consequently, in the absence of an entitlement to a hearing, Small World cannot satisfy the definition of an "appellant" under R.C. 5101.35, nor did Small World received the kind of decision that is subject to appeal under this statute.
>
> Small World's assignment of error is overruled.

(Emphasis sic.) *Id.* at ¶ 14-41.

{¶ 30} As explained by the Second District Court of Appeals, the statutes involved do not provide for an appeal to the common pleas court. As such, this court cannot order ODJFS to promulgate rules that will provide a remedy which does not exist in the statute. Because relator's complaint fails to state a claim on which relief can be granted, the magistrate finds that this court should grant the motions of respondents, and dismiss relator's appeal.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**